UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------------- x

RUBEN MARCIAL,

                                    Plaintiff,          **AMENDED ANSWER**

                    -against-                           19-CV-4928 (ALC) (JLC)

THE CITY OF NEW YORK, NEW YORK HEALTH
AND HOSTPIALS CORPORATION; DOC DISABILITY
RIGHTS COORDINATOR FOR INMATES, "Jane" Doe
Law Library Correction Officer; John-Jane Doe Correction
Officers/Captains 1-10; Charmaine Diedrick-Daily, RN;
Kernold Alves, PA; Yousef Mahadin, MD; Achim
Huggins, MD; all individually and in their Official
Capacities,

                                    Defendants.

-------------------------------------------------------------------- x


            Defendants City of New York ("City"), New York Health and Hospitals

Corporation ("H+H"), Theodore Kramer, MD, Kernold Alves, PA, Yousef Mahadin, MD,

Achim Huggins, MD, and Charmaine Diedrick-Daily, RN (together "City Defendants"), by their

attorney, Georgia M. Pestana, Acting Corporation Counsel of the City of New York, for their

Amended Answer to Plaintiff's Verified Complaint dated March 20, 2019 (the "Complaint"),

respectfully allege as follows:

            1.      Deny knowledge or information sufficient to form a belief as to the truth of the

allegations set forth in paragraph "1" of the Complaint.

            2.      Deny the allegations set forth in paragraph "2" of the Complaint, except admit

that the City of New York is a municipal entity organized pursuant to the laws of the State of

New York.

3. Deny the allegations set forth in paragraph "3" of the Complaint, except admit that the City maintains a department of correction, and respectfully refer the Court to the New York City Charter and Administrative Code for a complete and accurate description of the New York City Department of Correction's ("DOC") duties and responsibilities.

4. Deny the allegations set forth in paragraph "4" of the Complaint, except admit that  H+H is a public benefit corporation created by the New York City Health and Hospitals Corporation Act 1016/69.

5. Deny knowledge or information sufficient to form a belief as to the truth of the allegation in paragraph "5" of the Complaint.

6. Deny the allegations set forth in paragraph "6" of the  Complaint, and aver that  at the times of the relevant incidents alleged in the Complaint Theodore Kramer, MD, Kernold Alves, PA, Yousef Mahadin, MD, Achim Huggins, MD, and Charmaine Diedrick-Daily, RN were employed by PAGNY and provided medical services to inmates in DOC custody.

7. Deny the allegations set forth in paragraph "7" of the Complaint, state that the phrase "were acting under color of state law" sets forth a conclusion of law rather than a statement of fact to which no response is required and aver that  at the times of the relevant incidents alleged in the Complaint Theodore Kramer, MD, Kernold Alves, PA, Yousef Mahadin, MD,  Achim Huggins, MD, and Charmaine Diedrick-Daily, RN were acting in accordance with the relevant state and City laws.

8. Deny the allegations set forth in paragraph "8" of the Complaint.

9. Deny the allegations set forth in paragraph "9" of the Complaint.

10. Admit the allegations set forth in paragraph "10" of the Complaint.

11.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "11" of the Complaint.

12.     Deny the allegations set forth in paragraph "12" of the Complaint.

13.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "13" of the Complaint.

14.     Admit the allegations set forth in paragraph "14" of the Complaint.

15.     Deny the allegations set forth in paragraph "15" of the Complaint.

16.     Deny the allegations set forth in paragraph "16" of the Complaint.

17.     Deny the allegations set forth in paragraph "17" of the Complaint.

18.     Deny the allegations set forth in paragraph "18" of the Complaint.

19.     Deny the allegations set forth in paragraph "19" of the Complaint.

20.     Deny the allegations set forth in paragraph "20" of the Complaint.

21.     Deny the allegations set forth in paragraph "21" of the Complaint.

22.     Deny the allegations set forth in paragraph "22" of the Complaint.

23.     Deny the allegations set forth in paragraph "23" of the Complaint.

24.     Deny the allegations set forth in paragraph "24" of the Complaint.

25.     Deny the allegations set forth in paragraph "25" of the Complaint.

26.     Deny the allegations set forth in paragraph "26" of the Complaint.

27.     Deny the allegations set forth in paragraph "27" of the Complaint.

28.     Deny the allegations set forth in paragraph "28" of the Complaint.

29.     Deny the allegations set forth in paragraph "29" of the Complaint.

30.     Deny the allegations set forth in paragraph "30" of the Complaint.

31.     Deny the allegations set forth in paragraph "31" of the Complaint.

32.     Deny the allegations set forth in paragraph "32" of the Complaint.

33.     Deny the allegations set forth in paragraph "33" of the Complaint.

34.     Deny the allegations set forth in paragraph "34" of the Complaint.

35.     Deny the allegations set forth in paragraph "35" of the Complaint.

36.     Deny the allegations set forth in paragraph "36" of the Complaint.

37.     Deny the allegations set forth in paragraph "37" of the Complaint.

38.     Repeat and reallege each response set forth in the preceding paragraphs of their answer, as if fully set forth herein.

39.     Deny the allegations set forth in paragraph "39" of the Complaint.

40.     Deny the allegations set forth in paragraph "40" of the Complaint.

41.     Deny the allegations set forth in paragraph "41" of the Complaint.

42.     Deny the allegations set forth in paragraph "42" of the Complaint.

43.     Repeat and reallege each response set forth in the preceding paragraphs of their answer, as if fully set forth herein.

44.     Deny the allegations set forth in the second paragraph "34" of the Complaint.[1]

45.     Deny the allegations set forth in the second paragraph "35" of the Complaint.

46.     Deny the allegations set forth in the second paragraph "36" of the Complaint.

47.     Repeat and reallege each response set forth in the preceding paragraphs of their answer, as if fully set forth herein.

48.     Deny the allegations set forth in the second paragraph "39" of the Complaint and respectfully refer the Court to 42 U.S.C. § 12101(b)(1) and 42 U.S.C. § 12132 for a complete and accurate statement of their provisions.[2]

---

[1] The paragraphs in the Complaint are not consecutively numbered.

49.     Deny the allegations set forth in the second paragraph "40" of the Complaint and refer the Court to 12131(1)(A),(B) for a complete and accurate statement of its  provisions.

50.     Deny the allegations set forth in the second paragraph "41" of the Complaint and respectfully refer the Court to 42 U.S.C. § 12131(1)(A),(B) and 28 C.F.R. § 35.104 for a complete and accurate statement of their provisions.

51.     Deny the allegations set forth in the second paragraph "42" of the Complaint and respectfully refer the Court to 42 U.S.C. §12102 (1) and 28 C.F.R. § 35.104 for a complete and accurate statement of their provisions.

52.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "43" of the Complaint.

53.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "44" of the Complaint, and respectfully refer the Court to  42 U.S.C. § 12132 and 28 C.F.R. § 35.104 for a complete and for a complete and accurate statement of their provisions.

54.     Deny the allegations set forth in paragraph "45" of the Complaint, and respectfully refer the Court to 42 U.S.C. § 12132 and 28 C.F.R. § 35.130(a) for a complete and for a complete and accurate statement of their provisions.

55.     Deny the allegations set forth in paragraph "46" of the Complaint, and respectfully refer the Court to 42 U.S.C. § 12132 for a complete and accurate statement of its provisions.

---

[2] The paragraphs in the Complaint are not consecutively numbered.

56. Deny the allegations set forth in paragraph "47" of the Complaint, and respectfully refer the Court to 28 C.F.R. § 35.160(b)(1) for a complete and for a complete and accurate statement of their provisions.

57. Deny the allegations set forth in paragraph "48" of the Complaint, and respectfully refer the Court to 28 C.F.R. § 35.104 for a complete and for a complete and accurate statement of their provisions.

58. Deny the allegations set forth in paragraph "49" of the Complaint, and respectfully refer the Court to 28 C.F.R. § 35.104 for a complete and for a complete and accurate statement of its provisions.

59. Deny the allegations set forth in paragraph "50" of the Complaint.

60. Deny the allegations set forth in paragraph "51" of the Complaint.

61. Deny the allegations set forth in paragraph "52" of the Complaint.

62. Deny the allegations set forth in paragraph "53" of the Complaint.

63. Deny the allegations set forth in paragraph "54" of the Complaint.

64. Repeat and reallege each response set forth in the preceding paragraphs of their answer, as if fully set forth herein.

65. Deny the allegations set forth in paragraph "56" of the Complaint, and respectfully refer the Court to  28 C.F.R. § 35.130(b)  for a complete and for a complete and accurate statement of its provisions.

66. Deny the allegations set forth in paragraph "57" of the Complaint.

67. Deny the allegations set forth in paragraph "58" of the Complaint and respectfully refer the Court to the ADA for a complete and for a complete and accurate statement of its provisions.

68.     Deny the allegations set forth in paragraph "59" of the Complaint and respectfully refer the Court to the ADA for a complete and for a complete and accurate statement of its provisions.

69.     Deny the allegations set forth in paragraph "60" of the Complaint.

70.     Repeat and reallege each response set forth in the preceding paragraphs of their answer, as if fully set forth herein.

71.     Deny the allegations set forth in paragraph "62" of the Complaint.

72.     Deny the allegations set forth in paragraph "63" of the Complaint and respectfully refer the Court to 42 U.S.C. § 12203(a) and 28 C.F.R. § 35.134 for a complete and for a complete and accurate statement of their provisions.

73.     Deny the allegations set forth in paragraph "64" of the Complaint.

74.     Deny the allegations set forth in paragraph "65" of the Complaint.

75.     Repeat and reallege each response set forth in the preceding paragraphs of their answer, as if fully set forth herein.

76.     Deny the allegations set forth in paragraph "67" of the Complaint, and respectfully refer the Court to 29 U.S.C. § 794 (Section 504) for a complete and accurate statement of its provisions.

77.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "68" of the Complaint, and respectfully refer the Court to  29 U.S.C. § 705(20(B)  for a complete and for a complete and accurate statement of its provisions.

78.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "69" of the Complaint, and respectfully refer the Court to  28 C.F.R. § 35.104  for a complete and for a complete and accurate statement of its provisions.

79.     Deny the allegations set forth in paragraph "70" of the Complaint, and respectfully refer the Court to 29 U.S.C. § 794(b) for a complete and accurate statement of its provisions.

80.     Deny the allegations set forth in paragraph "71" of the Complaint.

81.     Deny the allegations set forth in paragraph "72" of the Complaint.

82.     Repeat and reallege each response set forth in the preceding paragraphs of their answer, as if fully set forth herein.

83.     Deny the allegations set forth in paragraph "74" of the Complaint.

84.     Deny the allegations set forth in paragraph "75" of the Complaint.

85.     Deny the allegations set forth in paragraph "76" of the Complaint.

86.     Repeat and reallege each response set forth in the preceding paragraphs of their answer, as if fully set forth herein.

87.     Deny the allegations set forth in the third paragraph "38" of the Complaint, and respectfully refer the Court to the First and Fourteenth Amendments to the U.S. Constitution for complete and accurate statements of their provisions.[3]

88.     Deny the allegations set forth in the third paragraph "39" of the Complaint, and respectfully refer the Court to 42 U.S.C. § 1983for a complete and accurate statement of its provisions.

89.     Deny the allegations set forth in the third paragraph "40" of the Complaint.

90.     Deny the allegations set forth in the third paragraph "41" of the Complaint.

91.     Deny the allegations set forth in the third paragraph "42" of the Complaint.

92.     Deny the allegations set forth in the second paragraph "43" of the Complaint.

---

[3] The paragraphs in the Complaint are not consecutively numbered.

93.     Deny the allegations set forth in the second paragraph "44" of the Complaint, and respectfully refer the Court to the compliance agreement cited therein for a complete and accurate statement of its provisions.

94.     Deny the allegations set forth in the second paragraph "45" of the Complaint and respectfully refer the Court to the settlement agreement cited therein for a complete and accurate statement of its provisions.

95.     Deny the allegations set forth in the second paragraph "46" of the Complaint and respectfully refer the Court to the settlement agreement cited therein for a complete and accurate statement of its provisions.

96.     Deny the allegations set forth in the second paragraph "47" of the Complaint and respectfully refer the Court to the settlement agreement cited therein for a complete and accurate statement of its provisions.

97.     Deny the allegations set forth in the second paragraph "48" of the Complaint and respectfully refer the Court to the compliance agreement cited therein for a complete and accurate statement of its provisions.

98.     Deny the allegations set forth in the second paragraph "49" of the Complaint and respectfully refer the Court to the compliance agreement cited therein for a complete and accurate statement of its provisions.

99.     Deny the allegations set forth in the second paragraph "50" of the Complaint and respectfully refer the Court to the compliance agreement cited therein for a complete and accurate statement of its provisions.

100.    Deny the allegations set forth in the second paragraph "51" of the Complaint and respectfully refer the Court to the compliance agreement cited therein for a complete and accurate statement of its provisions.

101.    Deny the allegations set forth in the second paragraph "52" of the Complaint and respectfully refer the Court to the compliance agreement cited therein for a complete and accurate statement of its provisions.

102.    Deny the allegations set forth in the second paragraph "53" of the Complaint and respectfully refer the Court to the compliance agreement cited therein for a complete and accurate statement of its provisions.

103.    Deny the allegations set forth in the second paragraph "54" of the Complaint and respectfully refer the Court to the compliance agreement cited therein for a complete and accurate statement of its provisions.

104.    Deny the allegations set forth in the second paragraph "55" of the Complaint and respectfully refer the Court to the compliance agreement cited therein for a complete and accurate statement of its provisions.

105.    Deny the allegations set forth in the second paragraph "56" of the Complaint and respectfully refer the Court to the compliance agreement cited therein for a complete and accurate statement of its provisions.

106.    Deny the allegations set forth in the second paragraph "57" of the Complaint and respectfully refer the Court to the compliance agreement cited therein for a complete and accurate statement of its provisions.

107.     Deny the allegations set forth in the second paragraph "58" of the Complaint and respectfully refer the Court to the compliance agreement cited therein for a complete and accurate statement of its provisions.

108.     Deny the allegations set forth in the second paragraph "59" of the Complaint.

## AS AND FOR A FIRST DEFENSE:

109.     The Complaint fails to state a claim upon which relief can be granted.

## AS AND FOR A SECOND DEFENSE:

110.      City Defendants have not violated any rights, privileges or immunities under the Constitution or laws of the United States or the State of New York or any political subdivision thereof, or any act of Congress providing for the protection of civil rights.

## AS AND FOR A THIRD DEFENSE:

111.     Any injury alleged to have been sustained resulted from Plaintiff's own culpable or negligent conduct or the culpable or negligent conduct of non-parties or third parties, and was not the proximate result of any act of City Defendants.

## AS AND FOR A FOURTH DEFENSE:

112.      At all times relevant, City Defendants and acted reasonably and in the proper and lawful exercise of their discretion. As such, City Defendants are entitled to governmental immunity.

## AS AND FOR A FIFTH DEFENSE:

113.     Punitive damages cannot be recovered as against one or more City Defendants.

## AS AND FOR A SIXTH DEFENSE:

114.     Plaintiff provoked any incident.

**AS AND FOR A SEVENTH DEFENSE:**

115.    Plaintiff's state law claims are barred because Plaintiff failed to comply with conditions precedent to suit, including General Municipal Law § 50-e, § 50-h and § 50-i.

**AS AND FOR AN EIGHTH DEFENSE:**

116.    City Defendants have not violated any clearly established constitutional or statutory rights of which a reasonable person would have known and are therefore protected by qualified immunity.

**AS AND FOR A NINTH DEFENSE:**

117.    The Court should not exercise supplemental jurisdiction over any of Plaintiff's state-law claims.

**AS AND FOR A TENTH DEFENSE:**

118.    Plaintiff's municipal liability claims are barred because even if Plaintiff's rights were violated, they were not the result of a municipal policy or custom.

**AS AND FOR AN ELEVENTH DEFENSE:**

119.    Plaintiff's claims are barred in whole or in part by the applicable statute of limitations.

**AS AND FOR A TWELFTH DEFENSE:**

120.    Plaintiff has failed to comply with the requirements of the prison Litigation Reform Act, 42 U,S,C, § 1997e, with respect to some or all of his claims, including the requirement that Plaintiff exhaust his administrative remedies and show physical injury

**WHEREFORE**, City Defendants request judgment dismissing Plaintiff's Complaint in its entirety and denying all relief requested therein, together with the costs and disbursements of this action, and such other and further relief as the Court deems just and proper.

Dated:        New York, NY
              October 2, 2019

                                        GEORGIA M. PESTANA
                                        Acting Corporation Counsel of the
                                          City of New York
                                        *Attorney for City Defendants*
                                        100 Church Street
                                        New York, NY 10007
                                        Tel: (212) 356-0873
                                        Fax: (212) 356-2089
                                        ssprayre@law.nyc.gov

                                        By:  _____/s/_____
                                             Sharon Sprayregen
                                             Assistant Corporation Counsel

To:     Katherine E. Smith
        233 Broadway, Ste. 1800
        New York, New York 10279
        *Attorney for Plaintiff*
        (*via* ECF)